## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES ANTHONY FULLER,      )
                             )
            Petitioner,      )
                             )
       v.                    )      1:09CV324
                             )
LEWIS SMITH,                 )
                             )
            Respondent.      )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 3, 2006, in the Superior Court of Guilford County, Petitioner pled guilty to trafficking heroin by possession and trafficking heroin by transportation in case 04CRS100436. He was then sentenced to 90 to 117 months of imprisonment. Petitioner had filed a pretrial motion seeking suppression of heroin discovered as a result of a traffic stop and subsequent searches. Petitioner pled guilty after the motion was denied, but reserved his right to appeal the denial. His appeal was later denied by the North Carolina Court of Appeals, with the North Carolina Supreme Court declining discretionary review. State v. Fuller, No. COA07-857, 2008 WL 305344 (Feb. 5, 2008), rev. denied, 661 S.E.2d 884 (2008). Petitioner also filed two pro se motions for appropriate relief in the state trial court. He unsuccessfully pursued those motions in the North Carolina courts before filing his current habeas petition in this Court on May 4, 2009.

## Petitioner's Claims and Pending Motions

Petitioner raised only a single claim for relief in his initial petition. He alleged in that claim that his rights under the Fourth Amendment of the United States Constitution were violated when his vehicle was illegally stopped and searched. After Respondent moved for summary judgment as to that claim, Petitioner filed a motion to amend and a supporting memorandum which added two more claims for relief. He alleges that he was improperly held accountable for heroin found at a house near where his vehicle was stopped and that the State violated the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution when it prosecuted him for both trafficking by possession and trafficking by transportation. Respondent has filed what the Court is treating as an amended motion for summary judgment challenging Petitioner's additional claims on their merits. Respondent's summary judgment motion and amended summary judgment motion are before the Court for decision.

Petitioner himself has also filed a number of motions. One is a cross-motion for summary judgment which will be dealt with at the same time as Respondent's summary judgment motion. Also, Petitioner has filed three further motions to amend his petition. These motions are really attempts at adding citations and arguments, not true attempts at amending his petition. They also do not influence the outcome of the case. Therefore, they will be denied. Petitioner has filed an application to proceed in forma pauperis, a motion for production of documents, and a motion for

-2-

the appointment of counsel.  The <u>in</u> <u>forma</u> <u>pauperis</u> application is unnecessary because Petitioner already paid the filing fee at the time he filed his petition.  It will be denied for being moot.  The motions for production of documents and for appointment of counsel will also be denied.  The documents Petitioner seeks will not affect the outcome of the case and, because the case can be decided at summary judgment, there is no need for counsel.  Only the parties' motions for summary judgment remain for further discussion.

## <u>Discussion</u>

### Claim One

Petitioner's first claim for relief alleges that his rights were violated by an illegal stop and search of the vehicle he was driving.  This search resulted in the discovery of a small bag of heroin.  That heroin composed part of the evidence that led to his charges and convictions.

Unfortunately for Petitioner, this Court's review of Fourth Amendment search and seizure claims raised in a habeas petition is extremely limited.  Fourth Amendment claims generally cannot be considered on habeas review.  <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465, 481-82 (1976); <u>see also</u> <u>Wright v. West</u>, 505 U.S. 277, 293 (1992)("We have also held . . . that claims under <u>Mapp</u> [evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the state courts have provided a full and fair opportunity to litigate them at trial or on direct review."); <u>Mueller v. Angelone</u>, 181 F.3d 557, 570 n.8 (4th Cir.

-3-

1999)(acknowledging <u>Stone v. Powell</u> rule that federal habeas courts decline to review state court Fourth Amendment determinations); <u>Grimsley v. Dodson</u>, 696 F.2d 303, 304 (4th Cir. 1982)("<u>Stone v. Powell</u> marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in state court.").

Here, Petitioner not only had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, he took advantage of that opportunity. The claim was raised prior to his guilty plea, heard and denied by the trial court, preserved for appeal, and appealed to the North Carolina Court of Appeals. Petitioner simply lost on the issue. His only arguments against the application of the rule in <u>Stone</u> are that he did not receive a full and fair hearing because he did not testify in the suppression hearing and because the state trial court did not make written findings of fact and conclusions of law in denying his motion.

The reasons for Petitioner not testifying are not apparent, but they may have been a strategic choice by his attorney. Further, as revealed by the North Carolina Court of Appeals' decision denying Petitioner's Fourth Amendment Claim on direct appeal, Petitioner would have appeared to have nothing to add in the suppression hearing. The focus of the hearing was on whether or not the officer who stopped Petitioner's vehicle had sufficient reasonable suspicion to stop the vehicle. This meant that the evidence was all geared toward what the officer knew and when he

-4-

knew it.  Petitioner would have had no apparent knowledge of those matters.  Finally, the issue of Petitioner's testimony or the lack thereof is not important.  <u>Stone</u> bars review if Petitioner was provided a full and fair **opportunity** to have his claim heard.  It is not a requirement for the bar to apply that he litigated every possible aspect of the claim.  Petitioner certainly had an opportunity to litigate his claim and he did litigate his claim.

As for the lack of written findings and conclusions, this is irrelevant on federal habeas review.  Petitioner notes that the findings and conclusions are required by North Carolina law.  Even so, they are not required by federal law or the Constitution.  The record is clearly sufficient to show that Petitioner not only had a full and fair opportunity to litigate his search and seizure claim, but that he did so thoroughly.  His Fourth Amendment claim is not cognizable on habeas review.  It should be denied.

### Claim Two

Petitioner's second claim asserts that, at sentencing, he was held accountable for heroin located in a house not far from where his vehicle was stopped.  Petitioner had left that house just prior to being stopped.  The heroin was discovered during a consent search allowed by the occupant of the house.  (Docket No. 5, Ex.4 at 36-41.)  The additional amount of heroin resulted in Petitioner being sentenced to 90 to 117 months in prison under N.C. Gen. Stat. § 90-95(h)(4)(b), instead of 70 to 84 months under N.C. Gen. Stat. § 90-95(h)(4)(a).  Subsection (h)(4)(a) covers persons convicted of trafficking four or more, but less than fourteen, grams of heroin,

-5-

while subsection (h)(4)(b) covers persons trafficking fourteen or more, but less than twenty-eight, grams of heroin. The heroin in the house was necessary for him to be sentenced in the higher range. Petitioner believes that he should not have been held liable for the heroin in the residence because he did not own or control the residence. He was originally charged as part of a conspiracy with the lessee of the residence, but this charge was dropped. Petitioner feels that once the charge was dropped, he should no longer have been held accountable for the heroin in the house. He also faults his attorney for failing to object to the counting of the heroin from the house.

It was not inappropriate for the sentencing judge to hold Petitioner responsible for trafficking fourteen to twenty-eight grams of heroin by possession. This is because that amount was alleged in the indictment and, therefore, admitted by Petitioner when he pled guilty to that charge in the indictment.[1] The sentencing judge only used what Petitioner had admitted.

Petitioner also cannot show ineffective assistance of counsel in failing to suppress the drugs from the house. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668

---

[1]Petitioner's possession by trafficking conviction was alleged to involve only four to fourteen grams of heroin. Because the two convictions were consolidated for judgment, the longer sentence for the trafficking by possession charge was the one used in the judgment.

(1984).    Petitioner is not entitled to a hearing based upon
unsupported, conclusory allegations.    See Nickerson v. Lee, 971
F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary
hearing a habeas petitioner must come forward with some evidence
that the claim might have merit), abrog'n on other grounds recog'd,
Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).    A petitioner
bears the burden of affirmatively showing deficient performance.
See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).    To
establish prejudice, Petitioner must show that there is a
reasonable probability that but for counsel's unprofessional
errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694.

Here, Petitioner's attorney actually did move to suppress all
of the drugs in the case.  This was not specifically set out in his
written motion to suppress, but the judge deciding the motion
treated the motion as being made to all of the drugs.  (Docket No.
5, Ex. 3 at 16-18 and Ex. 4 at 86.)  There is no indication that
the attorney could have done more to suppress the drugs from the
house.  Petitioner's arguments in his petition really relate more
to the merits of his case, i.e., the State's ability to tie him to
the drugs in the house.  Those issues could only have been raised
at trial, not in a motion to suppress.  However, Petitioner waived
his right to a trial by pleading guilty.  No error can be
attributed to his attorney for failing to have the drugs from the
house suppressed.  Petitioner's second claim for relief should be
denied.

-7-

## **Claim Three**

Petitioner's third, and final, claim is that the Double Jeopardy Clause of the United States Constitution bars him from being prosecuted for both trafficking by possession and trafficking by transportation. He again mentions ineffective assistance of counsel based on counsel's failure to raise this defense.

After viewing Respondent's response to this claim, Petitioner may have requested that it be dismissed. He states that he requests "dismissal on the double jeopardy claim." (Docket No. 14 at 2.) One possibility is that he is seeking dismissal of his conviction based on that claim, but the more likely reading is that he is conceding the claim. If so, this concession is appropriate given that, as Respondent points out, Petitioner did not raise this claim in the state courts until his second motion for appropriate relief. It was then denied for being procedurally barred under N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b). This means that this Court is also barred from considering the claim absent a showing of cause and prejudice or miscarriage of justice by Petitioner. Lawrence v. Branker, 517 F.3d 700 (4th Cir.), cert. denied, ___ U.S. ___, 129 S.Ct. 162 (2008). Petitioner has made no such showing and cannot make such a showing. The Fourth Circuit has previously found that there is no double jeopardy violation based on a charge of trafficking by possession and a charge of trafficking by transportation under North Carolina law. Kuiken v. Lee, Nos. 94-6023, 94-6030, 1995 WL 224045, at *4 (4th Cir. April 17, 1995.) Petitioner cannot show the prejudice necessary to

-8-

excuse his default.  His claim would fail on the merits in any event.  For all of these reasons, even if Petitioner is not requesting dismissal of his double jeopardy claim, it should be denied for being procedurally barred and, alternatively, on the merits.

**IT IS THEREFORE ORDERED** that Petitioner's application to proceed in forma pauperis (docket no. 19), motions to amend (docket nos. 16, 20, 22), motion for production of documents (docket no. 24), and motion to appoint counsel (docket no. 25) are denied.

**IT IS RECOMMENDED** that Respondent's motion for summary judgment and amended motion for summary judgment (docket nos. 4, 9) be granted, that Petitioner's motion for summary judgment (docket no. 14) be denied, that the habeas petition (docket no. 1) be denied, and that Judgement be entered dismissing this action.


      /s/ Donald P. Dietrich
      **Donald P. Dietrich**
      **United States Magistrate Judge**

September 21, 2009